UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOYLE WAYNE DAVIS, CDCR #34318,<br><br>                              Plaintiff,<br><br>      vs.<br><br>DANIEL PARAMO, Warden, et al.,<br><br>                              Defendants. | Case No.: 3:16-cv-0689-BEN-JMA<br><br>**ORDER:**<br><br>**1) DENYING PLAINTIFF'S APPLICATION FOR RECONSIDERATION OF PRELIMINARY INJUNCTIVE RELIEF/TEMPORARY RESTRAINING ORDER [ECF No. 15]**<br><br>**2) DENYING PLAINTIFF'S APPLICATION FOR THE COURT TO RECONSIDER MOTION FOR JUDICIAL NOTICE [ECF No. 19]** |

Plaintiff Doyle Wayne Davis is incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego. He is proceeding pro se and has filed a civil Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Before this Court are Plaintiff's motions for reconsideration of this Court's orders denying his request for preliminary injunctive relief (Doc. No. 15) and for judicial notice (Doc. No. 19). For the reasons stated below, the motions for reconsideration are **DENIED.**

1

# BACKGROUND

On July 18, 2016, this Court issued an order denying Plaintiff's motion for a preliminary injunction. (Doc. No. 11.) Plaintiff had sought immediate injunctive relief preventing Defendants from taking further reprisals against him "for his lawful filing of grievances," restricting them from "denying [him] appropriate medical care," re-instating the medication and accommodations he was provided before August 26, 2014, and ordering his transfer to Tri-City Hospital, where he could be treated by Dr. O. Matthews, instead of the doctors at RJD. (*See* Doc. No. 4 at 6-7.) In denying his request for injunctive relief, the Court held that Plaintiff "has failed to establish the imminent irreparable harm required to support a preliminary injunction. . . . Plaintiff's conclusory assertions of future incidents of potential retaliation and health complications [are] 'conjectural' and thus insufficient to make the required showing to justify extraordinary injunctive relief." (Doc. No. 11 at 9-10.)

On August 9, 2016, Magistrate Judge Adler rejected on discrepancy Plaintiff's Motion for Judicial Notice. (Doc. No. 13.) The order noted that there were no motions or pleadings pending before the Court for which the taking of judicial notice was appropriate. The order informed Plaintiff that he may seek to refile his request when matters for which he seeks judicial notice are material to a motion before the Court.

Subsequently, on August 15, 2016, Plaintiff moved for reconsideration of the order denying preliminary injunctive relief (Inj. Mot., Doc. No. 15), and on August 24, 2016, he moved for reconsideration of his request for judicial notice (Mot. for Jud. Not., Doc. No. 19).[1] Plaintiff contends that from August 26, 2014 to present, his only medical option to correct his heart condition was unspecified surgery, but such surgery would

---

[1] The matters that Plaintiff requests the Court to judicially notice are related to his motion for reconsideration of injunctive relief. He notes that he intended to submit his original Request for Judicial Notice at the same time as his Application for Reconsideration of Preliminary Injunctive Relief, but he was unable to mail them at the same time due to health problems and limited copying abilities. (Doc. No. 19 at 3.)

ignore his spinal damage problems. (Inj. Mot. at 5-6.) He states that his Primary Care Physician ("PCP") "documented . . . that any treatment was not cost effective as plaintiff had been deemed 'terminal.'" (*Id.* at 6.) Plaintiff refused this care because he "knew [it] would be . . . negligent" and would worsen his condition. (*Id.*)

On June 25, 2016, Plaintiff was admitted to Sharp Medical Center, and then Tri-City Medical Center, with heart pain. (*Id.* at 6; Decl. of Doyle Wayne Davis at 4.) A few days later, an automatic implantable cardioverter defibrillator ("AICD") was implanted in his chest. (Inj. Mot. at 6; Decl. at 4.) Plaintiff contends that the AICD was not properly implanted and fired multiple times after he was discharged, which caused him to suffer multiple heart attacks. (Inj. Mot. at 6-7; Decl. at 6-7.) He further states that, as a result of the AICD malfunction, he now has a new, different heart condition. (Decl. at 7.) Plaintiff asserts that he has been scheduled for a follow-up review of the AICD and might need additional surgery, but he is "un-sure if he will allow the doctor to operate on him again, as everything that the doctor has done to date, has been improper." (Decl. at 9.)

Plaintiff requests the Court order (1) that he remain housed in B-9-118 Lower on single cell status; (2) that he be re-housed on out-to-medical status at Sharp Chula Vista Medical Center until his heart and skin conditions have stabilized; (3) that RJD "cease changing medically ordered item(s), i.e. make wheelchair permanent; make all Durable Medical Equipment p[e]rmanent"; (4) that he receive morphine three times a day on a permanent basis; (5) that RJD doctors and his PCP stop "altering and/or discontinuing any medical appliance or medication"; (6) that RJD employ Plaintiff as a third watch housing unit B-9 Clerk; (7) that RJD immediately provide Plaintiff with his replacement "Sequoia Ortho Boots; inserts; and replacement knee brace"; (8) that RJD and Defendants cease taking reprisals against him; (9) that RJD provide Plaintiff with a kosher diet (which he alleges is the only "Heart Healthy Diet" available at RJD); (10) that RJD "issue to [P]laintiff a wrist watch type heart and/or pulse monitor so plaintiff can be informed of any heart issue prior to the firing of the AICD"; and (11) any other relief that the Court deem appropriate. (Inj. Mot. at 11-13.)

## LEGAL STANDARD

Under Rule 60(b), a court may relieve a party from a final judgment, order, or proceeding upon a showing of mistake, newly discovered evidence, fraud, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b); *see Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (explaining that the catch-all provision should be used sparingly as an equitable remedy to prevent manifest injustice).

Motions for reconsideration "should not be granted, absent highly unusual circumstances." *Antoninetti v. Chipotle Mexican Grill, Inc.*, No. 05-cv-1660-J, 2007 WL 2456223, at *2 (S.D. Cal. Aug. 23, 2007). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Life Techs. Corp. v. Illumina, Inc.*, No. 11-cv-00703, 2012 WL 10933209, at *1 (S.D. Cal. June 11, 2012) (quoting *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000)). Moreover, motions to reconsider are not a platform to relitigate arguments and facts previously considered and rejected. *See Harrison v. Sofamor/Danek Grp., Inc.*, No. 94-cv-0692, 1998 WL 1166044, at *3 (S.D. Cal. Sept. 15, 1998).

## DISCUSSION

Plaintiff seeks reconsideration of his request for injunctive relief based on his changed medical condition, specifically the allegedly improperly implanted AICD and the problems it has caused. He also asks the Court to take judicial notice of certain court records and news clippings that he contends show that RJD, Alvarado Medical Center, and Tri-City Medical Center knew they were harming patients and/or retaliating against prisoners. The Court denies both motions.

**I.    Motion for Reconsideration of Preliminary Injunctive Relief**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (*quoting Winter*

*v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011).

The Prison Litigation Reform Act ("PLRA") further requires prisoners to satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Section 3626(a)(2) places significant limits upon a court's power to grant preliminary injunctive relief to inmates and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. California*, 220 F.3d 987, 998-99 (9th Cir. 2000).

As a preliminary matter, much of the relief sought in the motion is unrelated to the issues in his lawsuit, and the district court therefore lacks authority to issue an injunction for such relief. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). The Ninth Circuit has explained:

> [T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.' Absent that

relationship or nexus, the district court lacks authority to grant the relief requested.

*Pac. Radiation Oncology*, 810 F.3d at 636.

Here, Plaintiff's claims about the AICD and medical mistreatment in connection with the implant are not allegations in his Complaint, as these events occurred after he filed his Complaint. Almost all of the doctors that treated his heart condition are not named defendants, including the doctor that implanted the AICD, Dr. Pashmforoush. Plaintiff's requests to be re-housed at Sharp Chula Vista Medical Center, that he receive certain medical equipment on a permanent basis, that he receive a kosher and/or Heart Healthy Diet, and that he be given a wrist watch to monitor his heart rate are only related to his recent heart problems. As such, he seeks relief not of the "same character" as the relief he ultimately seeks on his inadequate medical care claims related to his back pain. Therefore, the Court cannot grant the injunctive relief sought. *See Pac. Radiation Oncology*, 810 F.3d at 637; *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit.").

Moreover, Plaintiff's motion does not address three of the prerequisites for injunctive relief—whether there is a likelihood of success on the merits, whether the balance of equities tips in his favor, and whether an injunction is in the public interest. It is Plaintiff's burden to demonstrate that these requirements are met. *Rosado v. Alameida*, 349 F. Supp. 2d 1340, 1344 (S.D. Cal. 2004).

To the extent that Plaintiff intends to plead Eighth Amendment inadequate medical care claims based on the new allegations, he has failed to show he is likely to succeed on the merits. A public official's "deliberate indifference to a prisoner's serious illness or injury" violates the Eighth Amendment ban against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). "Deliberate indifference" is evidenced only

when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).[2] "This is not an easy test for plaintiffs to satisfy," *Hallett v. Morgan*, 296 F.3d 732, 745 (9th Cir. 2002), and Plaintiff simply has not satisfied it here.

Plaintiff has alleged no facts to show "deliberate indifference" to his needs. In fact, Plaintiff admits that he has received several consults and is currently being treated for the discomfort caused by the AICD. (Decl. at 4-9.) Many of his allegations about the complications from the allegedly improperly implanted AICD appear to be unsupported by the submitted medical records. At bottom, he is simply dissatisfied with the level of his care, and he disagrees with his medically authorized course of treatment. (*Id.*) However, differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Accordingly, Plaintiff has failed to show the likelihood of success on the merits required to justify injunctive relief. *Beardslee v. Woodford,* 395 F.3d 1064, 1067 (9th Cir. 2005).

Finally, Plaintiff has also failed to show that he is likely to suffer irreparable harm. Where injunctive relief is sought based on claims that governmental actors violated the law in the past, as is the case here, Plaintiff must establish that the threat of future or repeated injury is both "real and immediate," not just "conjectural" or "hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Plaintiff does not allege future

---

[2] Indifference to medical needs also must be substantial; inadequate treatment due to "mere medical malpractice" or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). In other words, an "official's failure to alleviate a significant risk that he should have perceived but did not, . . . cannot . . . be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

harm beyond conclusory assertions of retaliation and that he might have surgery to correct the implant but is "un-sure if he will allow the doctor to operate on him again, as everything that the doctor has done to date, has been improper." (Inj. Mot. at 10; Decl. at 9.) The Court again finds that Plaintiff's assertions of future incidents of retaliation and health complications are "conjectural" and thus insufficient to make the required showing to justify extraordinary injunctive relief. *See Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 675 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction.").

Moreover, as the Court noted above, it appears that Plaintiff has exaggerated the extent of his injuries from the implant "firing" incorrectly. There is no evidence in the submitted medical records that he suffered multiple heart attacks and has a new heart condition. Indeed, progress notes dated after the alleged heart attacks occurred note that Plaintiff denied chest pain at the time and was "just uncomfortable." (Inj. Mot., Exs. Q, R.) The medical records indicate that the AICD was "recalibrated," Plaintiff was given new medications, issued a temporary walker, and advised to avoid heavy lifting. (Inj. Mot, Exs. Q, R.) Thus, it appears that the issues with the AICD are being treated.

Therefore, for the above reasons, the Court denies Plaintiff's motion for reconsideration of preliminary injunctive relief.

## II. Motion for Reconsideration of Request for Judicial Notice

Plaintiff asks the Court to take judicial notice of court filings and news articles to "show knowledge of illegal actions by Alvarado Medical Center staff, as well as by Tri-City Medical Center staff," "to show that defendant's [sic] knew they were harming patients and pleading guilty to same," to support "plaintiff's allegations that RJDCF staff were taking reprisal's [sic] against plaintiff . . . , which they should have had knowledge that those action(s) were illegal," and to "show[] a related RJDCF case wherein Defendant Daniel Paramo, Warden[] et al., improperly rejected inmate grievance(s), as they did in the case before the court." (Mot. for Jud. Not. at 3-5.)

A court "may take notice of proceedings in other courts, both within and without

the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States* ex rel. *Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). But, "[w]hile the authenticity and existence of a particular order, motion, pleading or judicial proceeding, which is a matter of public record, is judicially noticeable, [the] veracity and validity of its contents (the underlying arguments made by the parties, disputed facts, and conclusions of applicable facts or law) are not." *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004). Similarly, courts may take judicial notice of publications introduced to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

Here, Plaintiff seeks to use the court filings and news articles for the validity or veracity of their contents, which is improper. Thus, Plaintiff's motion for reconsideration of his request for judicial notice is denied without prejudice.

## CONCLUSION

Plaintiff's motions for reconsideration of this Court's orders denying his request for preliminary injunctive relief (Doc. No. 15) and for judicial notice (Doc. No. 19) are both **DENIED.**

**IT IS SO ORDERED**.

Dated: September 30, 2016

_____
Hon. Roger T. Benitez
United States District Judge