UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOYLE WAYNE DAVIS, CDCR #34318,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, Warden, et al.,<br><br>Defendants. | Case No.: 16cv689 BEN (JMA)<br><br>**ORDER REGARDING PLAINTIFF'S (1) MOTION TO COMPEL DISCOVERY AND/OR WAIVER OF SERVICE AND (2) EX PARTE MOTION FOR CLARIFICATOIN OF THE COURT'S RECORD**<br>**[ECF Nos. 42, 44]** |

Presently before the Court are two motions brought by Plaintiff Doyle Wayne Davis ("Plaintiff"): first, a motion to compel discovery and/or waiver of service, in which Plaintiff seeks assistance in serving Defendants S. Bedane and John Doe "Jose," and second, a motion for clarification of the court's record. (See ECF Nos. 42, 44.)

**I.    Service Upon Defendant Bedane**

On July 18, 2016, the Court ordered the U.S. Marshal to serve a copy of the Complaint and summons upon the named defendants as directed by Plaintiff on the USM Form 285s provided to him.  (ECF No. 11.)  On August 24, 2016, the summons upon Defendant Bedane was returned unexecuted as Bedane is no longer employed by at the R.J. Donovan Correctional Facility ("Donovan").  (ECF

No. 21.)  Plaintiff requests the issuance of an order directing Deputy Attorney General Christopher H. Findley, who currently represents twelve (12) defendants in this matter, to provide the current or last known address for Defendant Bedane.

"[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effectuate service."  Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990).  So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service of process is automatically good cause within the meaning of Fed. R. Civ. P. 4(m).  See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), overruled on other grounds by Sandin v. Conner, 515 U.S. 472, 483-85 (1995).[1]  Here, Plaintiff has sufficiently identified Defendant Bedane as a former Laboratory Technologist at Donovan.  Thus, *as long as the privacy of Defendant's forwarding address can be preserved*, Plaintiff is entitled to rely on the U.S. Marshal to effect service upon Defendant Bedane on his behalf.  See Puett, 912 F.2d at 275; see also Avery v. Allamby, 2015 WL 710695 (S.D. Cal. 2015).  Accordingly, the Court **ORDERS** Deputy Attorney General Findley to provide the forwarding address for Defendant Bedane to the U.S. Marshal in a *confidential memorandum* indicating that the summons and complaint is to be delivered to the address specified in the memorandum.  The Deputy Attorney General shall provide the U.S. Marshal with any such information on or before

---

[1] Rule 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).

**December 30, 2016**.  Within forty-five (45) days of receipt of any available address from the Deputy Attorney General, the Court **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's Complaint and summons upon Defendant Bedane. All costs of service shall be advanced by the United States pursuant to the Court's July 18, 2016 Order directing service pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(2).  (ECF No. 11.)

    **IT IS FURTHER ORDERED** that the Clerk of the Court provide a copy of: (1) the Court's July 18, 2016 Service Order (ECF No. 11); (2) this Order; (3) the Complaint, summons and a blank U.S. Marshal Form 285 to Deputy Attorney General Findley for purposes of re-attempting service as to Defendant Bedane. However, both the Deputy Attorney General and the Office of the U.S. Marshal are **ORDERED** to keep any address provided for Bedane strictly confidential. Thus, any address provided *shall not* appear on any U.S. Marshal Form 285, *shall not* be provided to Plaintiff, and *shall not* be made part of the Court's record.  If Deputy Attorney General Findley is not able to locate an address for Defendant Bedane, he shall file a Declaration with the Court to that effect by no later than **January 6, 2017**.

## II.  Identity of Defendant John Doe "Jose"

    Plaintiff also seeks an order requiring Deputy Attorney General Findley to provide the complete identity of Defendant John Doe "Jose," purportedly named as a defendant in the Complaint.  (See ECF No. 1.)  "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir 1980).  Where a defendant's identity is unknown prior to the filing of the complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendant, unless it is clear that discovery would not uncover the identity or that the complaint would be dismissed on other grounds.  Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing

1  Gillespie, 629 F.2d at 642).  In order to proceed to discovery, Plaintiff must first
2  state a cognizable claim.  Discovery has not yet been authorized in this case as
3  there are three (3) motions to dismiss pending before the Court.  If this case
4  proceeds to discovery, Plaintiff may then attempt to ascertain the true identity of
5  Defendant John Doe "Jose" and seek to amend his Complaint to name that
6  defendant.

**III.    Motion for Clarification of the Court's Record**

Plaintiff observes that ECF No. 18, which consists of a Notice of Document Discrepancy, incorrectly identifies the document at issue as Plaintiff's "Motion for Reconsideration of the Court's Ruling Denying Motion to Exceed the Number of Requests for Admissions."  The Clerk of Court is **ORDERED** to correct the text of ECF No. 18 to accurately reflect the document to which it refers:  Plaintiff's Application for the Court to Reconsider Motion for Judicial Notice (see ECF No. 19).

**IT IS SO ORDERED**.

Dated:  December 15, 2016

Honorable Jan M. Adler
United States Magistrate Judge