UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOYLE WAYNE DAVIS, CDCR #34318,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>DANIEL PARAMO, Warden, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 3:16-cv-0689-BEN-JMA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PERMISSION TO FILE AN INTERLOCUTORY APPEAL**<br><br>[Doc. No. 54] |

Plaintiff Doyle Wayne Davis is incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego. He is proceeding pro se and has filed a civil Complaint pursuant to 42 U.S.C. § 1983. Before this Court is Plaintiff's ex parte motion for permission to file an interlocutory appeal regarding the Court's denial of his request for a preliminary injunction. (Doc. No. 54.) For the reasons that follow, the motion is **DENIED.**

## BACKGROUND

On July 18, 2016, this Court issued an order denying Plaintiff's motion for a preliminary injunction. (Doc. No. 11.) Plaintiff moved for reconsideration, and the Court denied Plaintiff's motion for reconsideration. (Doc. No. 40.) On both occasions,

the Court found that Plaintiff had failed to show that he was likely to suffer irreparable harm because his assertions of future incidents of retaliation and health complications were conjectural. *See Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 675 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction."). In the order denying the motion for reconsideration, the Court also held that it lacked authority to issue an injunction for most of the relief sought because the requested relief related to events that occurred after Plaintiff filed his Complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint.").

Plaintiff now moves for permission to file an interlocutory appeal of the Court's denials of injunctive relief. He contends that the Court should construe his pleadings liberally to grant him the desired relief because his medical conditions are worsening.

## DISCUSSION

28 U.S.C. § 1292(a)(1) allows courts of appeal to review interlocutory orders "refusing . . . injunctions." Therefore, the Court's orders denying preliminary injunctive relief are immediately appealable orders. Plaintiff does not need the Court's permission to appeal the denials. *See Armstrong v. Wilson*, 124 F.3d 1019, 1021 (9th Cir. 1997) ("[I]nterlocutory appeals under § 1292(a) are 'by right,' while those under § 1292(b) are 'by permission.'"). Plaintiff's motion for permission to file an interlocutory appeal is denied.

However, Plaintiff must file a notice of appeal in order to proceed. The Court will direct that Plaintiff's request for permission to file an interlocutory appeal be construed as a notice of appeal of the orders denying his requests for preliminary injunctive relief.

Therefore, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for permission to file an interlocutory appeal (Doc. No. 54) is denied; and

2. Plaintiff's motion for permission to file an interlocutory appeal is construed as a notice of appeal of the previous orders denying preliminary injunctive relief (Doc. Nos. 11, 40).

**IT IS SO ORDERED.**

Dated: March 23, 2017

_____
Hon. Roger T. Benitez
United States District Judge