# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOYLE WAYNE DAVIS, CDCR #34318,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL PARAMO, Warden, et al.,<br><br>Defendants. | Case No.: 3:16-cv-0689-BEN-JMA<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Plaintiff Doyle Wayne Davis is incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego. He is proceeding pro se and has filed a complaint pursuant to 42 U.S.C. § 1983. Presently before the Court are motions to dismiss filed by Defendant Zamudio (ECF No. 22), Defendant Butcher (ECF No. 24), Defendants Silva, Jackson, Pasha, Walker, Rodriguez, Self, Pool, Glynn, Sosa, Paramo, Roberts, and Stout (ECF No. 46), and Defendant Bedane (ECF No. 61).

On June 13, 2017, the Honorable Jan M. Adler issued a thoughtful and thorough Report and Recommendation, recommending that this Court grant in part and deny in part Defendants' motions to dismiss. (ECF No. 76). Any of the parties could file

objections to the Report and Recommendation by July 5, 2017. That deadline has now passed and no party has filed objections.

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "[T]he district judge must determine de novo any part of the [report and recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.

The Court has considered and agrees with the Report and Recommendation. The Court **ADOPTS** the Report and Recommendation in its entirety. (Docket No. 76). The Court orders as follows:

1. Defendant Zamudio's motion to dismiss is **GRANTED.** (ECF No. 22);
2. Defendant Butcher's motion to dismiss is **DENIED** with respect to his argument that he is not a state actor and that Plaintiff's first, third, and fourth claims are time-barred by the statute of limitations, but **GRANTED** on the ground that Plaintiff has failed to state a claim upon which relief can be granted. (ECF No. 24); and
3. Defendants Silva, Jackson, Pasha, Walker, Rodriguez, Self, Pool, Glynn, Sosa, Paramo, Roberts, Stout, and Bedane's motions to dismiss are **DENIED** as to their argument that Plaintiff's complaint is barred by claim preclusion. (ECF Nos. 46, 61). However, moving Defendants Jackson, Walker, Rodriguez, Self, Pool, Glynn, Sosa, Paramo, Roberts, Stout, and Bedane's motions to dismiss are **GRANTED** on the ground that Plaintiff has failed to state a claim upon which relief can be granted. (ECF Nos. 46, 61).

The case continues against Defendants Silva and Pasha.

**IT IS SO ORDERED.**

Dated: July 10, 2017

_____
Hon. Roger T. Benitez
United States District Judge