UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOYLE WAYNE DAVIS, CDCR #34318,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, Warden, et al.,<br><br>Defendants. | Case No.: 16cv689 BEN (JMA)<br><br>**ORDER ON PLAINTIFF'S MOTIONS [ECF Nos. 86, 90, 92, 94]** |

Plaintiff Doyle Wayne Davis has filed a motion to compel discovery, a motion for appointment of counsel and experts, a motion for an order to issue subpoenas duces tecum, and a motion for the court to order the Richard J. Donovan Correctional Facility ("RJD") to use a telephone conference call speaker for future Case Management Conferences with the Court. (ECF Nos. 86, 90, 92, 94.) For the reasons set forth below, the Court hereby **ORDERS** as follows:

### A. Motion to compel discovery

In his motion to compel discovery filed on November 2, 2017 nunc pro tunc October 31, 2017, Plaintiff seeks an order compelling the production of medical records as well as the identity of John Doe "Jose." (ECF No. 86.) Defendants J. Silva and S. Pasha ("Defendants") filed an opposition. (ECF No. 88.) Plaintiff's

1

16cv689 BEN (JMA)

motion is DENIED.  With respect to Plaintiff's medical records, the Court did not, as Plaintiff contends, require Defendants to subpoena Plaintiff's medical records from his non-prison providers, including Sharp Chula Vista Medical Center, Tri-City Medical Center, and Alvarado Medical Center.  Rather, the Court observed that *if* Defendants chose to subpoena Plaintiff's medical records from these facilities, Plaintiff would be entitled to inspect the documents produced or obtain copies of such documents upon payment of a reasonable copying charge.  See Fed. R. Civ. P. 45(a), Advisory Committee Notes (2013 Amendment) ("Parties desiring access to information produced in response to [a] subpoena will need to follow up with the party serving it or the person served to obtain such access. . . . The party serving the subpoena should . . . make reasonable provision for prompt access."); see also Vensor v. Central Arizona Corr. Facility, 2014 WL 12675251, at *2 (D. Ariz. 2014) (requiring the defendant to serve on the plaintiff copies of documents received in response to the defendant's subpoena).  The Court did not order Defendants to issue subpoenas to Plaintiff's medical providers, nor could it.  It is up to Defendants to decide which discovery to pursue.  If Defendants opt to not subpoena these records and Plaintiff believes they are needed to support his claims, it is up to Plaintiff to obtain them.

With respect to Plaintiff's request for an order compelling Defendants to provide the identity of Defendant John Doe "Jose," the Court cannot compel the production of discovery that has not been served.  Plaintiff has not yet served an interrogatory or any other discovery seeking the identity of Defendant John Doe "Jose."  Plaintiff's "motion to compel discovery and/or waiver of service" dated September 28, 2016 did not constitute a discovery request.  As the Court stated in its December 16, 2016 order on Plaintiff's motion to compel, discovery had not yet been authorized at that time, as three motions to dismiss were pending before the Court.  The Court stated, "If this case proceeds to discovery, Plaintiff may then attempt to ascertain the true identity of Defendant John Doe "Jose" and

seek to amend his Complaint to name that defendant." Dec. 16, 2016 Order, ECF No. 57, at 4. Now that the case has proceeded to discovery, Plaintiff may seek this discovery by following the Federal Rules of Civil Procedure. As he has not yet done so, this motion is premature.[1]

**B.     Motion for appointment of counsel and experts**

Plaintiff, proceeding in forma pauperis ("IFP"), seeks the appointment of counsel for the second time "based upon additional facts not before the Court previously." (ECF No. 90.)[2] He contends his rapidly deteriorating medical condition, severe heart failure, prevents him from litigating this matter on his own. (Id.) "[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). District courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to appoint counsel for indigent civil litigants upon a showing of "exceptional circumstances." See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.'" Id. (citations omitted).

The Court, in denying Plaintiff's initial motion for appointment of counsel, found Plaintiff had not demonstrated "exceptional circumstances" required to

---

[1] Plaintiff is cautioned that he may not file motions to compel discovery until he has served formal discovery requests, received a response (or allowed for a sufficient amount of time to receive a response), and thoroughly met and conferred with Defendants' counsel regarding any areas in dispute. A motion to compel discovery, including the instant motion, does <u>not</u> constitute a discovery request.

[2] The Honorable Roger T. Benitez denied Plaintiff's first motion to appoint counsel on July 18, 2016. (ECF No. 11.)

justify the appointment of counsel. July 18, 2016 Order, ECF No. 11 at 4-5. The alleged continued deterioration of Plaintiff's health does not alter the Court's analysis. See, e.g., Jefferson v. Hollingsworth, 2017 WL 3396516, at *2 (S.D. Cal. 2017) (denying motion for appointment of counsel despite the plaintiff's allegation of compromised health). The facts alleged in the Complaint are not complex and Plaintiff has demonstrated an ability to articulate the factual and legal bases of his claim with sufficient clarity and to litigate his claim on his own behalf. Based on the record currently before the Court, it is clear that Plaintiff has the competence necessary to pursue his case. Without more, this Court cannot conclude that there are "exceptional circumstances" which would warrant the appointment of counsel in Plaintiff's case. Further, Plaintiff has not submitted anything which would suggest he is likely to succeed on the merits. Accordingly, the Court DENIES Plaintiff's second motion for appointment of counsel.

Plaintiff also seeks the appointment of cardiac and neurologic experts. (ECF No. 90 at 36-37.) He argues there will be a "multitude of medical information, medical records, and medical based standards" that will need to be explained to the jury in this case. (Id. at 2.) An expert witness may testify to help the trier of fact determine the evidence or a fact at issue. Fed. R. Evid. 702. A court has full discretion to appoint a neutral expert witness pursuant to Fed. R. Evid. 706(a). Appointment of an expert witness is generally appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue." Torbert v. Gore, 2016 WL 2460262, at *2 (S.D. Cal. 2016). The IFP statute, 28 U.S.C. § 1915, does not waive the requirement of the payment of fees or expenses for witnesses in a § 1983 prisoner civil rights action. Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993).

To the extent Plaintiff seeks appointment of an expert for his own benefit, the Court has no authority to grant him such relief. Rule 706(a) permits the Court

to appoint only neutral expert witnesses. Furthermore, "28 U.S.C. § 1915 does not authorize the court to appoint an expert for plaintiff's benefit to be paid by the court." Gorton v. Todd, 793 F. Supp. 2d 1171, 1178-79 (E.D. Cal. 2011). Thus, if the Court were to appoint an expert witness in this action, the expert would be appointed to assist the Court. There are no pending matters on which the Court requires special assistance and the issues in this case are not so complex as to require the testimony of expert witnesses to assist the Court. Accordingly, Plaintiff's motion for the appointment of experts is DENIED.

**C.    Motion for an order to issue subpoenas duces tecum**

Plaintiff moves for an order directing the issuance of ten (10) subpoenas duces tecum. (ECF No. 92.) Plaintiff requests the Court order the U.S. Marshal to serve the subpoenas upon the following:

1. Sharp Chula Vista Medical Center
2. Alvarado Medical Center
3. Tri-City Medical Center
4. Oscar A. Matthews, M.D., Tri-City Medical Center
5. Mohammad Pashmforoush, M.D., Tri-City Medical Center
6. Mohammad Pashmforoush, M.D.
7. David Guldseth, M.D., RJD
8. Jason Silva, M.D., RJD
9. John Hodges, M.D., RJD
10. Jose Gonzales, Laboratory Technician, RJD

"The clerk must issue a subpoena, signed but otherwise blank, to a party who requests it." Fed. R. Civ. P. 45(a)(3). That party must complete the subpoena before service. Id. A subpoena must be either issued and signed by the clerk of court or an attorney. Id. A pro se plaintiff who is not admitted to practice law is not authorized to sign and issue a subpoena. Cramer v. Target Corp., 2010 WL 1791148, at *1 (E.D. Cal. 2010). A plaintiff proceeding pro se and IFP is entitled to service of subpoenas by the U.S. Marshal. 29 U.S.C. § 1915(d); see also Williams v. Paramo, 2017 WL 5001286, at *4 (S.D. Cal. 2017). The court's authorization of a subpoena duces tecum requested by an IFP

plaintiff is subject to limitations, however.  <u>Baca v. Biter</u>, 2017 WL 1476943, at *2 (E.D. Cal. 2017).  Limitations include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information.  <u>Id.</u> (citing Fed. R. Civ. P. 26, 45).  The Federal Rules of Civil Procedure "were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum."  <u>Alexander v. California Dept. of Corrections</u>, 2010 WL 5114931, at *3 (E.D. Cal. 2010) (citation omitted).  Non-parties are "entitled to have the benefit of the Court's vigilance" in considering these factors.  <u>Id.</u> (citation omitted).  The IFP statute does not entitle a plaintiff to a waiver of the fees or expenses of the witness.  <u>Tedder v. Odel</u>, 890 F.2d 210, 211-12 (9th Cir. 1989).

The Court is unable to direct the service of the subpoenas that have been presented to the Court, as the proposed subpoenas are subpoenas to appear and testify at a hearing or trial in a civil action (Form AO 88) (<u>see</u> ECF No. 92 at 35-64), not subpoenas to produce documents, information, or objects (Form AO 88B).  Additionally, the proposed subpoenas are signed by Plaintiff, which renders them invalid as Plaintiff is not an officer of the Court.  Furthermore, any documents within the possession, custody or control of Defendants or the CDCR may be obtained by Plaintiff through a request for production of documents.  Indeed, Defendants have already indicated that any documents from Plaintiff's medical file in the possession, custody, or control of Defendants and the California Department of Corrections and Rehabilitation ("CDCR") will be produced to Plaintiffs.  <u>See</u>, <u>e.g.</u>, Defs.' Resps. to Pl.'s First Set of Req. for Prod. of Docs., ECF No. 92 at 19-21.

Based on the above, Plaintiff's motion for the issuance of subpoenas duces tecum is GRANTED IN PART.  The Clerk of Court shall issue to Plaintiff six (6) signed, but otherwise blank, subpoena duces tecum forms and shall send six (6) U.S. Marshal Forms 285.  Upon receipt of the properly completed U.S. Marshal

285 forms and accompanying subpoenas, the U.S. Marshal is directed to promptly effect service of the subpoenas to the recipients listed at Nos. 1-6 above. The proposed subpoenas to RJD medical providers (Nos. 7-10 listed above) are not needed as Plaintiff may obtain the requested documents through a request for production of documents served pursuant to Fed. R. Civ. P. 34.

**D. Motion for an order for a telephone conference call speaker**

Plaintiff requests the Court order RJD to use a conference call speaker attached to the telephone for the January 9, 2018 telephonic Case Management Conference. (ECF No. 94.) Prison management must be left to the broad discretion of prison administrators, and does not fall within the Court's jurisdiction. Plaintiff's request is therefore DENIED.

**IT IS SO ORDERED**.

Dated: December 27, 2017

_____
Honorable Jan M. Adler
United States Magistrate Judge

7

16cv689 BEN (JMA)