UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOYLE WAYNE DAVIS, CDCR #34318,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, Warden, et al.,<br><br>Defendants. | Case No.: 16CV689 WQH (JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA AS MOOT [ECF No. 111]** |

On December 27, 2017, the Court issued an order granting in part Plaintiff's motion for an order to issue subpoenas duces tecum. (ECF No. 95.) The Court directed the Clerk of Court to issue six (6) signed, but otherwise blank, subpoena duces tecum forms and to send six (6) U.S. Marshal Forms 285 in order to permit Plaintiff to subpoena medical records from the following medical providers: (1) Sharp Chula Vista Medical Center; (2) Alvarado Medical Center ("Alvarado"); (3) Tri-City Medical Center ("Tri-City"); (4) Oscar A. Matthews, M.D. at Tri-City Medical Center ("Dr. Matthews"); (5) Mohammad Pashmforoush, M.D. at Tri-City Medical Center and (6) Mohammad Pashmforoush, M.D. (collectively "Dr. Pashmforoush"). (Id.) The Court ordered that although Plaintiff, proceeding pro se and *in forma pauperis*, was entitled to have the U.S. Marshal effect

1

service of the subpoenas (see 28 U.S.C. § 1915(d)), Plaintiff was not entitled to a waiver of any fees or expenses required by the subpoena recipients to comply with the subpoenas duces tecum. (Id.)

On March 7, 2018 nunc pro tunc March 6, 2018, Plaintiff filed a motion to compel compliance with subpoenas duces tecum, in which he advised that only Sharp Chula Vista Medical Center had provided records in response to his subpoenas. (ECF No. 111.) On March 12, 2018, the Court issued an order setting a briefing schedule on Plaintiff's motion. (ECF No. 112.) Nonparty Dr. Pashmforoush filed a response to the motion. (ECF No. 113.) The other medical providers (Alvarado, Tri-City, and Dr. Matthews) did not file responses. During a Case Management Conference held on March 29, 2018, Plaintiff advised that he had received records from Alvarado in response to his subpoena after filing his motion to compel compliance.

The Court finds as follows:

1. <u>Mohammad Pashmforoush, M.D.</u>

Dr. Pashmforoush produced records in response to Plaintiff's subpoena subsequent to the filing of Plaintiff's motion to compel. See Pashmforoush Resp., ECF No. 113 at 3; Arnold Decl., ECF No. 113-1, ¶ 4. Accordingly, Plaintiff's motion to compel compliance as to Dr. Pashmforoush is DENIED as moot. The Court declines to find Dr. Pashmforoush in contempt and declines to issue any sanctions against him or his counsel.

2. <u>Tri-City Medical Center, and Oscar A. Matthews, M.D.</u>

In considering the instant motion, it came to the Court's attention that although its March 12, 2018 briefing order was intended to be provided to Tri-City, Dr. Matthews, and Alvarado, due to clerical error, it was not. As such, none of these providers received the order and thus none filed a response to the motion. It also came to the Court's attention, while confirming the addresses upon which to send a revised briefing order, that the addresses provided by

Plaintiff on his Form 285 forms as to Tri-City and Dr. Matthews, were incorrect. Plaintiff's subpoena issued to Tri-City was served upon Vicki Ogilvie with the Risk Management Department, at 4002 Vista Way, Suite 301 in Oceanside, California, the address provided by Plaintiff, rather than upon the correct location, the Medical Records Department located at 4002 Vista Way in Oceanside, California. Plaintiff also listed 4002 Vista Way, Suite 301 as the address upon which to serve Dr. Matthews; service was instead effectuated at 2095 W. Vista Way in Vista, California. (ECF No. 106.) It is incumbent upon the party serving a subpoena to complete the subpoena correctly before service. See Fed. R. Civ. P. 45(a)(3); Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990) (providing that the plaintiff must provide the necessary information to effectuate service when relying on the Marshal for service).

Notwithstanding that Plaintiff did not provide the correct address upon which to serve the custodian of records at Tri-City, the Court was informed by Tri-City's General Counsel, on behalf of its Medical Records Department, that Plaintiff's subpoena had been located and that medical records responsive to Plaintiff's subpoena will be provided forthwith. Tri-City also informed that records relating to Plaintiff's treatment with Dr. Matthews would be included in its production.

Accordingly, Plaintiff's motion to compel compliance as to Tri-City and Dr. Matthews is DENIED as moot.

3. Alvarado Medical Center

Plaintiff has advised that Alvarado has produced records in response to the subpoena. Accordingly, Plaintiff's motion to compel compliance as to Alvarado is DENIED as moot.

4. Conclusion

For the foregoing reasons, Plaintiff's motion to compel compliance with subpoena is DENIED as moot.

Plaintiff is reminded that, as discussed during the Case Management Conference held on March 29, 2018, copies of any documents he receives via subpoena must be provided to Defendants.

**IT IS SO ORDERED**.

Dated: April 13, 2018

_____
Honorable Jan M. Adler
United States Magistrate Judge

cc:

Jennifer Arnold
Deputy Attorney General
Office of the Attorney General
P.O. Box 85266
San Diego, CA 92186-5266
jennifer.arnold@doj.ca.gov