UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOYLE WAYNE DAVIS, CDCR #34318,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, Warden, et al.,<br><br>Defendants. | Case No.: 16CV689 WQH (JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [ECF NO. 126]** |

Presently before the Court is Plaintiff Doyle Wayne Davis's motion for leave to file First Amended Complaint. (ECF No. 126.) For the reasons set forth below, Plaintiff's motion is DENIED.

**A.  BACKGROUND**

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed a complaint on March 21, 2016 alleging fourteen (14) correctional and medical care officials at Richard J. Donovan Correctional Facility ("RJD") and two (2) doctors from Alvarado Hospital acted with deliberate indifference to his serious medical needs and retaliated against him after he filed a San Diego Superior Court case and various inmate grievances challenging his medical care. (ECF No. 1.) The

complaint asserts the following claims: (1) retaliation in violation of the First Amendment; (2) conspiracy under 42 U.S.C. § 1986 in violation of the First Amendment; (3) deliberate indifference to severe medical condition in violation of the Eighth Amendment; and (4) deliberate indifference to severe medical condition and falsification of medical reports due to cost considerations in violation of the Eighth Amendment. (ECF No. 1 at 26-27.) All defendants filed motions to dismiss. (ECF Nos. 22, 24, 46, 61.) On June 13, 2017, the Court issued a Report and Recommendation ("R&R") recommending all claims be dismissed, other than the claims asserted against Defendants J. Silva, prison physician, and S. Pasha, nurse practitioner. (ECF No. 76.) On July 11, 2017, the Honorable Roger T. Benitez issued an order adopting the R&R. (ECF No. 78.)[1] Defendants Silva and Pasha filed an answer to the complaint on July 24, 2017. (ECF No. 79.)

On August 25, 2017, the Court issued a Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings ("scheduling order"). (ECF No. 82.) The scheduling order included the following deadlines:

> Deadline to file any motion to join other parties, to amend the pleadings, or to file additional pleadings: October 23, 2017

> Deadline to complete all discovery: February 28, 2018

On November 2, 2017 nunc pro tunc October 31, 2017, Plaintiff filed a motion to compel discovery, in which he sought the production of medical records and an order compelling Defendants to provide the identity of Defendant John Doe "Jose." (ECF No. 86.) The Court denied Plaintiff's motion on December 27, 2017. (ECF No. 95.) As relevant here, the Court found it could

---

[1] This case was reassigned from Judge Benitez to the Honorable William Q. Hayes on January 9, 2018. (ECF No. 97.)

not compel the production of discovery that had not yet been served. The Court explained:

> Plaintiff has not yet served an interrogatory or any other discovery seeking the identity of Defendant John Doe "Jose." Plaintiff's "motion to compel discovery and/or waiver of service" dated September 28, 2016 did not constitute a discovery request. As the Court stated in its December 16, 2016 order on Plaintiff's motion to compel, discovery had not yet been authorized at that time, as three motions to dismiss were pending before the Court. The Court stated, 'If this case proceeds to discovery, Plaintiff may then attempt to ascertain the true identity of Defendant John Doe "Jose" and seek to amend his Complaint to name that defendant.' Dec. 16, 2016 Order, ECF No. 57, at 4. Now that the case has proceeded to discovery, Plaintiff may seek this discovery by following the Federal Rules of Civil Procedure. As he has not yet done so, this motion is premature.

(ECF No. 95 at 2-3.)

On January 9, 2018, the Court convened a Case Management Conference, at which time Plaintiff advised he needed additional time, beyond the February 28, 2018 discovery deadline, to conduct discovery as he intended to serve written discovery upon Defendants after he received responses to subpoenas the Court had ordered to be served by the U.S. Marshal in its December 27, 2017 discovery order. (ECF No. 100.) Defendants did not oppose an extension of the schedule. The Court accordingly issued an Amended Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings ("amended scheduling order") which included a new discovery deadline of May 31, 2018. (ECF No. 100 at 2.) The amended scheduling order did not include a new deadline to file motions to join other parties, to amend the pleadings, or to file additional pleadings, which had already passed on October 23, 2017, as Plaintiff did not seek an extension of this deadline.

On May 11, 2018, Plaintiff filed a motion for leave to file First Amended Complaint, in which he seeks to add Jose Gonzales in the place of Defendant

John Doe "Jose," and to add Oscar A. Matthews, M.D. of Tri-City Medical Center as a defendant. (ECF No. 126.) On May 15, 2018, the Court issued a briefing schedule on Plaintiff's motion, ordering Defendants to file any opposition by May 31, 2018 and Plaintiff to file a reply by June 14, 2018. (ECF No. 128.) Defendants filed an opposition on May 31, 2018. (ECF No. 129.) Plaintiff did not file a reply by June 14, 2018. Instead, on June 25, 2018, he filed a "notice of non-service (again) by the court of a due date for Plaintiff's reply brief to Defendants' opposition brief to amend complaint." (ECF No. 131.) Because Plaintiff claimed he had not received the Court's May 15, 2018 briefing order, the Court granted Plaintiff until July 9, 2018 to file a reply. (ECF No. 132.) Plaintiff filed a reply on July 6, 2018. (ECF No. 133.)

**B.     DISCUSSION**

Federal Rule of Civil Procedure 15(a) provides that, after the initial period for amendments as of right, pleadings may only be amended with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Rule 15's policy of favoring amendments should be applied with "extreme liberality." *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). "In exercising its discretion, 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Courts commonly use four factors to determine the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007).

As noted above, Plaintiff seeks to add Jose Gonzales in the place of Defendant John Doe "Jose," and to add as a defendant Oscar A. Matthews, M.D.

4

16CV689 WQH (JMA)

of Tri-City Medical Center. He contends he notified Defendants on multiple occasions of his intent to file an amended complaint. (Pl.'s Mot., ECF 126 at 2.) Defendants argue leave to amend should be denied because Plaintiff unduly delayed in bringing his motion, the amended complaint would be prejudicial, and the motion violates the Court's scheduling order, which was already extended once at Plaintiff's request. (Opp'n, ECF No. 129 at 1, 6-9.)

A. <u>Undue delay</u>

Undue delay is "delay that prejudices the nonmoving party or imposes unwarranted burdens upon the court." *San Diego Comic Convention v. Dan Farr Prods.*, 2017 WL 3269202, at *5 (S.D. Cal. Aug. 1, 2017) (citing *Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d 1160, 1176 (E.D. Cal. 2013)). In evaluating undue delay, the court inquires "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).

Plaintiff was aware of Jose Gonzales, known only to him at that time as "John Doe Jose," at the time he filed his original complaint. He blamed "Jose", a male lab technician at RJD's Triage and Treatment Area, for an October 2014 drug test showing he had no morphine in his blood, which suggested Plaintiff was selling the morphine prescribed to him to other inmates instead of using it. (ECF No. 1-1 at 87.) Plaintiff alleged "Jose" told him he could not draw Plaintiff's blood as his license was not valid, and that he instead supervised a female trainee in taking the sample. (ECF No. 1 at 17; *see also* ECF No. 1-1 at 103.) Plaintiff has voiced his intent to ascertain the identity of John Doe "Jose" and amend his complaint to include him as a defendant since 2016. On October 4, 2016, Plaintiff requested the Court order Defendants' counsel to identify John Doe "Jose." (ECF No. 42.) The Court declined to do so, as discovery had not yet been authorized due to the pendency of three motions to dismiss, but stated

Plaintiff could attempt to ascertain "Jose's" identity if the case proceeded to discovery. (ECF No. 57, citing *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (finding the plaintiff should be given an opportunity through discovery to identify an unknown defendant).) After the motions to dismiss were decided, the Court opened discovery on August 25, 2017, when it issued its initial scheduling order. On October 29, 2017, two months after discovery commenced, Plaintiff served discovery requesting the identity and licensing information for "Jose." (Findley Decl., ¶ 2.) On November 30, 2017, Defendants responded, identifying John Doe as J. Gonzales. *Id.* Despite having all the requisite facts needed to amend his complaint to substitute Jose Gonzales for John Doe "Jose" at that time, Plaintiff did not seek a continuance of the amendment deadline, which had already passed on October 23, 2017. Instead, he delayed filing his motion for leave to amend until May 11, 2018, over 5½ months later, and only weeks before the discovery cutoff. The Court finds that in doing so, Plaintiff unduly delayed moving to amend. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (finding motion for leave to file amended complaint properly denied as untimely as it relied on information discovered much earlier).

Plaintiff was also already aware of Dr. Matthews at the time he filed his original complaint. On August 3, 2015, Plaintiff attended a telemedicine appointment with Dr. Matthews. (FAC, ECF No. 126 at 273-74.) At that time, Dr. Matthews had the following recommendations:

> I had a lengthy discussion with this patient regarding future care. We decided that it is better to be in atrial fibrillation than to have controlled heart rate and I would recommend further this patient goes into atrial fibrillation which in my opinion is going to be cost-effective. Before we do anything, the patient needs a 2-D echocardiogram to assess the cardiac chambers and function. This test has to be done at Tri-City Medical Center in Oceanside to avoid any confusion and the test will be read by myself.

*Id.* at 274. The medical records attached to Plaintiff's original complaint also reference Dr. Matthews and his recommendations. *See* ECF No. 1-2 at 108. In his proposed amended complaint, Plaintiff contends, "This non-controlled heart rate is what caused by damaged heart. [Defendant] Silva conspired with this medical specialist in ensuring my heart was damaged forever." (ECF No. 126 at 25.) Plaintiff clearly had all of the requisite facts needed to name Dr. Matthews as a defendant in his original complaint. Plaintiff's original complaint included not only prison personnel, but also two outside physicians, Drs. Zamudio and Butcher. Plaintiff has not adequately explained why he did not name Dr. Matthews as well. It was not necessary for Plaintiff to wait to receive subpoenaed medical records before naming Dr. Matthews as a defendant. Because Plaintiff knew sufficient facts to name Dr. Matthews as a defendant at the time he filed his original complaint, the Court finds he unduly delayed in seeking to amend. *See Jackson*, 902 F.2d at 1388.

Plaintiff contends he notified Defendants on multiple occasions of his intent to seek leave to amend. (Pl.'s Mot., ECF No. 126 at 6-7.) This does not, however, excuse his delay in actually *moving* for leave to amend. Moreover, contrary to Plaintiff's argument that Defendants never voiced an opposition to his stated intent to seek leave to amend, Defendants were not obligated to oppose until Plaintiff actually filed his motion. The Court finds Plaintiff unduly delayed in moving to amend his complaint because he waited over five months after ascertaining Jose Gonzales's identity to move to amend, could have named Dr. Matthews as a defendant at the time he filed his original complaint, and sought amendment well after the October 23, 2017 amendment deadline and only weeks before the May 31, 2018 discovery cutoff.

//
//

7

### B. Prejudice to Defendants

The Ninth Circuit has determined "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). In evaluating prejudice, courts often consider whether relevant deadlines would have to be continued as a result of the new pleading, the stage of discovery at the time of amendment, the extent to which additional discovery would have to be conducted, and the degree to which amendment may delay the proceedings. *See Johnson v. Serenity Transp., Inc.*, 2015 WL 4913266, at *5 (N.D. Cal. Aug. 17, 2015) (collecting cases).

Given that the amendment and discovery deadlines have passed, that the discovery period was nearly closed at the time Plaintiff moved to amend, and the case is over two years old, the Court finds the addition of any new defendants will prejudice Defendants. If the Court were to permit amendment, Silva and Pasha would have to wait for service upon and the appearance of the new defendants, who would likely be represented by separate defense counsel, as well as likely motions to dismiss. Then, if the motions to dismiss were not granted, discovery would need to be reopened. Defendants would be required to depose Plaintiff a second time, in order to examine him regarding his allegations against Gonzales and Dr. Matthews, as to whom Plaintiff alleges Silva conspired to deny him medical care, and would need to seek discovery from Dr. Matthews. *See* Findley Decl., ¶ 4. Irrespective of Plaintiff's argument that he made his intent to amend his complaint known, it would be inherently prejudicial to bring new defendants into this action over two years after the original complaint was filed, particularly in view of the May 31, 2018 discovery cutoff and the resultant delay Defendants would experience in bringing this case to resolution. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings

supports a district court's finding of prejudice from a delayed motion to amend the complaint."); *see also Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (finding prejudice by the addition of new claims at a late stage of the case, regardless of argument that the new claims were implicit in previously pleaded claims).

The Court concludes Defendants would be unreasonably prejudiced by the addition of two new defendants at this stage of the case.

## C. CONCLUSION

For the reasons set forth above, Plaintiff's motion for leave to amend the complaint is DENIED.

**IT IS SO ORDERED**.

Dated: July 23, 2018

_____
Honorable Jan M. Adler
United States Magistrate Judge