UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOYLE WAYNE DAVIS, | Case No.: 16-cv-689-WQH-LL |
| Plaintiff, | **ORDER** |
| v. | |
| DANIEL PARAMO, et al., | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion for Voluntary Dismissal filed by Plaintiff Doyle Wayne Davis (ECF No. 140).

**I.    BACKGROUND**

On March 21, 2016, Plaintiff Doyle Wayne Davis filed a Complaint against sixteen different defendants, alleging that medical staff at the Richard J. Donovan Correctional Facility provided substandard care to Plaintiff in retaliation for filing redress grievances. (ECF No. 1). Fourteen of the defendants have subsequently been dismissed on successful motions to dismiss. (ECF No. 78). On August 10, 2018, the remaining defendants, J. Silva and S. Pasha, filed a Motion for Summary Judgment. (ECF No. 137). Plaintiff did not file

opposition. On September 24, 2018, Plaintiff filed a Motion for Voluntary Dismissal. (ECF No. 140). On October 18, 2018, Defendants filed Opposition. (ECF No. 142).

## II. CONTENTIONS

Plaintiff moves for voluntary dismissal of this action without prejudice. (ECF No. 140). Plaintiff states that he "does not have the physical ability to respond to the current pending dispositive motion filed by the defendants in this matter." *Id.* at 3. Plaintiff asserts that "after five heart surgeries and over 300 heart episodes" he cannot "physically do the work, the research, the battle that was required to get into the institution law library, while still fighting the inept medical care he was receiving. It is just physically impossible for plaintiff to do on his own." *Id.* Plaintiff contends that the Court should dismiss this action in its entirety without prejudice "even though he is unable to respond to the pending motion to dismiss via Summary Judgment" because of Plaintiff's "failing health and his physical inability to prosecute his legal action." *Id.* at 4.

Defendants "do not oppose Plaintiff's Motion to Dismiss . . . but contend the Court should dismiss the action with prejudice." (ECF No. 142 at 1). Defendants assert that they have "spent substantial energy and expense in responding to Plaintiffs' Complaint, discovery, discovery motions, and in preparing their Motion for Summary Judgment." *Id.* at 3. Defendants assert that Plaintiff waited until after his opposition to Defendants' Motion for Summary Judgment was due to file his Motion for Voluntary Dismissal. Defendants contend that Plaintiff's actions amount to "excessive delay" in prosecuting the action, and Plaintiff's "explanation of physical inability after two years of intensive litigation is not a sufficient justification." *Id.* Defendants contend that their pending Motion for Summary Judgment is likely to be granted, and dismissal with prejudice is warranted here. *Id.*

In the alternative, Defendants request that the Court award costs in the amount of $969.60, as a condition of dismissing the action without prejudice. (ECF No. 142 at 4). Defendants assert that "[g]iven the facts and the indigent status of plaintiff, Defendants only seek recovery of their deposition costs and copying costs in preparing their summary

judgment motion." *Id.* Defendants further request the Court impose the condition that "if Plaintiff fails to pay this amount in sixty days, the dismissal will become a dismissal with prejudice." *Id.* at 4.

### III. LEGAL STANDARD

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Dismissal is without prejudice unless the order states otherwise. *Id.* "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (internal citation omitted). Whether to grant a voluntary dismissal under Rule 41(a)(2) lies in the sound discretion of the district court. *See Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith*, 263 F.3d at 975 (footnote omitted) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987)). "[L]egal prejudice is just that—prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). "[T]he expense incurred in defending against a lawsuit does not amount to legal prejudice." *Id.* at 97. "The defendants' interests can be protected by conditioning the dismissal without prejudice upon the payment of appropriate costs and attorney fees." *Id.* "[I]f the district court decides it should condition dismissal on the payment of costs and attorney fees, the defendants should only be awarded . . . fees for work which cannot be used in any future litigation of these claims." *Id.* (citing *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993)).

> In determining whether to award costs to a defendant after a voluntary dismissal without prejudice, courts generally consider the following factors: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving

to dismiss.

*Fraley v. Facebook, Inc.*, No. 11-CV-01726-LHK, 2012 WL 893152, at *4 (N.D. Cal. Mar. 13, 2012) (citation omitted).

## IV. DISCUSSION

In this case, Defendants do not oppose voluntary dismissal of this action, and have not shown that Defendants would suffer any legal prejudice if Plaintiff's Motion for Voluntary Dismissal were granted without prejudice.

The Court has the authority to impose conditions on a voluntary dismissal without prejudice under Rule 41(a)(2), and turns next to the conditions requested by Defendants. Defendants request that a dismissal without prejudice is conditioned upon Plaintiff paying Defendants $924.35 in deposition costs and $45.25 in copying costs. With respect to deposition costs, Defendants have failed to establish that the requested costs are for work that would not be useful in any future litigation of these claims. *See Koch*, 8 F.3d at 652 ("Only those costs incurred for the preparation of work product rendered useless by the dismissal should be awarded as a condition of the voluntary dismissal."). With respect to the $45.25 in copying costs associated with Defendants' Motion for Summary Judgment, the Court finds that the copies of the Motion for Summary Judgment filed in this action and currently pending would be "rendered useless" by Plaintiff's voluntary dismissal. *See id.*

Plaintiff has moved for voluntary dismissal at a late stage in these proceedings—more than two and a half years after the Complaint was filed, and after Plaintiff's opposition to Defendants' potentially dispositive motion for summary judgment was due. Defendants have expended significant time and resources litigating this action for more than two and a half years. Weighing against the imposition of conditions are Plaintiff's statements regarding his declining health and physical inability to prosecute this action, his status as a pro se prisoner, and his otherwise active prosecution of this action. The Court

finds that no conditions to voluntary dismissal without prejudice are necessary in this matter. Plaintiff's Motion for Voluntary Dismissal Without Prejudice is granted.

## V. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion for Voluntary Dismissal Without Prejudice (ECF No. 140) is GRANTED. Pursuant to Federal Rule of Civil Procedure 41(a)(2), this action is dismissed without prejudice. The Clerk of the Court shall close this case.

Dated: December 14, 2018

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court